

FILED
CLERK, U.S. DISTRICT COURT
12/27/16
CENTRAL DISTRICT OF CALIFORNIA
BY: ____GR____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARIA LOBERG AND ERICA LOBERG, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO THE ESTATE OF ERIC LOBERG, <br><br> Plaintiffs, <br><br> COUNTY OF LOS ANGELES, SHERIFF LEE BACA, INTERIM SHERIFF JOHN SCOTT, DR. MARVIN SOUTHARD, DR. STEPHEN SHEA, DR. PHOUNG TRUONG, AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | Case No. 2:16-cv-06190 RAO <br> *[Magistrate Judge Rozella A. Oliver, for all proceedings]* <br><br> **PROTECTIVE ORDER** <br><br><br> Complaint filed: 8/17/16 |

Plaintiffs MARIA LOBERG AND ERICA LOBERG, INDIVIDUALLY AND AS SUCCESSORS IN INTEREST TO THE ESTATE OF ERIC LOBERG, ("Plaintiffs"), by and through their attorneys, and defendants, COUNTY OF LOS ANGELES, SHERIFF LEE BACA, INTERIM SHERIFF JOHN SCOTT, DR. MARVIN SOUTHARD, DR. STEPHEN SHEA, and DR. PHOUNG TRUONG ("Defendants"), by and through their attorneys, submitted a Joint Stipulation for Protective Order before this Court.

1  The Court has read and considered all of the papers filed in support of this
2  stipulation.  Good cause appearing, this Court makes the following orders.
3  IT IS THEREFORE ORDERED that the Joint Stipulation for Protective
4  Order Thereon is GRANTED as follows:

## **TERMS OF THE PROTECTIVE ORDER**

6  Documents produced by the defendants to plaintiffs pertaining to the
7  investigation into the death of Eric Loberg at the Twin Towers Correctional Facility
8  during the November 26, 2014 incident are deemed **confidential**, except to the
9  extent set forth in the Stipulation and Order, and shall be used solely in connection
10 with this litigation and the preparation and trial of this case, or any related appellate
11 proceedings, and not for any other purpose, including any other litigation, and may
12 not be disclosed or disseminated to other persons, including any other counsel other
13 than as set forth herein.
14 Plaintiffs' counsel alone will have custody, control and access to the
15 documents, reports and writings, and will be prohibited from releasing or
16 disseminating the reports or files, or the information contained within the reports or
17 files to other persons including legal counsel other than set forth in paragraph 9 of
18 the parties' Stipulation for Protective Order.
19 Plaintiffs' counsel may make copies of the reports and files, but plaintiffs'
20 counsel will be prohibited from releasing or disseminating such copies or the
21 information contained within such copies other than as set forth herein.
22 The documents identified in paragraph 1 may be submitted in all law and
23 motion proceedings if done so pursuant to Local Rule 79-5.
24 All disputes regarding this Protective Order shall be handled pursuant to
25 Local Rule 37.
26 The documents may be disclosed to the following persons:
27  (a) counsel for any party to this action;
28  (b) paralegal, stenographic, clerical and secretarial personnel

regularly employed by counsel referred to in paragraph (a);

       (c)    court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

       (d)    any outside expert or consultant retained in connection with this action, and not otherwise employed by either parties; and

       (e)    any "in-house" or outside experts designated by the defendants to testify at trial in this matter.

Any documents so disclosed will explicitly require inclusion of a copy of this Protective Order and written instructions from counsel directing compliance with same.

If, in connection with any deposition taken in this action, plaintiffs' attorneys question a witness regarding materials subject to this Protective Order, or uses confidential material as deposition exhibits, at the request of defense counsel, the transcripts of such deposition testimony and the exhibits attached to the deposition transcript shall be designated as confidential material and shall be subject to the provisions of this Protective Order.

The purpose of this Protective Order is not intended to prevent employees of the County of Los Angeles from having access to the documents if they would have had access in the normal course of their job duties.

The Court notes as follows: Defendants' decision to enter into this Stipulation and Protective Order is made without waiver of the privileges and rights afforded to them, including, but not limited to, the right to privacy embodied by the United States Constitution or the right to object at the time of trial to the admissibility of such or to preclude defendants from filing pre-trial motions with regard to the admissibility thereof or the information contained therein.

///

///

///

1     The provisions of this Order shall be in effect until further Order of the Court
2 or Stipulation by counsel for the parties.
3     IT IS SO ORDERED.
4
5 **DATED: December 27, 2016**           _/s/ Rozella A. Oliver_
6                                          Magistrate Judge Rozella A. Oliver

4

Minas Samuelian, Esq.  (State Bar No. 242804)
Robert E. Murphy, Esq.  (State Bar No. 103936)
Andrew Mallett, Esq. (State Bar No. 283345)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*mxs@manningllp.com; rem@manningllp.com*
*azm@manningllp.com*

Attorneys for Defendant
COUNTY OF LOS ANGELES; SHERIFF LEE BACA; INTERIM SHERIFF JOHN SCOTT; DR. MARVIN SOUTHARD; DR. STEPHEN SHEA and DR. PHUONG TRUONG